Since I disagree with the result reached by the majority on two separate theories, I respectfully dissent.
First, I do not believe that the trial court could know, based upon the pleadings alone, that Hilliard is entitled to immunity. The pleadings seem to attack not only the way the sewer system was designed, but also the way the sewer system was being operated. The actual running of a sewer system is normally a proprietary function, for which liability can be assessed. In the words of R.C. 2744.02(B)(2) "* * * political subdivisions are liable for injury * * * caused by the negligent performance of acts by their employees with respect to proprietary functions * * *."
As noted in the majority opinion, a proprietary function includes the "`maintenance, * * * operation, and upkeep of a sewer system.'" R.C. 2744.02(G)(2)(d).
Based upon the pleadings alone, Hilliard seems to be potentially liable for its running the sewer system in such a way that the sewer system caused unpleasant fumes to be present in Beacon Elementary.
Second, the majority seems to require pleadings of specific acts of negligence in the complaint. Since Ohio is a notice-pleading state, such pleading of specific acts is unnecessary to survive a motion to dismiss under Civ.R. 12(B). Instead, the question about specific theories of liability is best handled in the context of a motion for summary judgment.
My concerns about the dismissing of the complaint pursuant to a Civ.R. 12(B) motion are heightened by the allegation that the city of Hilliard owns the property in question. To me, this increases the likelihood that Hilliard is engaged in a proprietary function with respect to the property and the sewer system.
Again, I do not believe that this complaint was subjectto dismissal for failure to state a claim for relief. I,therefore, respectfully dissent.